# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WISCONSIN

In the Matter of:

**BRYANT D. GILL**,

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - -

**BRYANT D. GILL**,
326 9th Street
Mineral Point, WI 53565,

**MARGARET H. GILL**,
326 9th Street,
Mineral Point, WI 53565,

Plaintiffs,

v.

**DISCOVER FINANCIAL SERVICES**,
2500 Lake Cook Road
Riverwoods, IL 60015,

Defendant.

In Bankruptcy No.
19-14288-cjf
Chapter 13

Adversary Proceeding No.

## ADVERSARY COMPLAINT

Plaintiff-Debtor, Bryant D. Gill, and Plaintiff Margaret H. Gill, by their counsel, Kristin K. Beilke ("Counsel") of Murphy Desmond S.C., under Federal Bankruptcy Rule 7001, brings this Complaint against Defendant-Creditor, Discover Financial Services, and alleges as follows:

## <u>JURISDICTION, VENUE AND THE PARTIES</u>

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 362 and 1301.

2.      Venue is appropriate in this Court under 28 U.S.C. §§ 1409 and 1409.

3.      Plaintiff-Debtor, Bryant D. Gill ("Debtor") is an individual residing at 326 9th Street, Mineral Point, WI 53565, and the Debtor in this underlying bankruptcy proceeding.

4.      Plaintiff Margaret H. Gill ("Meg") is an individual residing at 326 9th Street, Mineral Point, WI 53565, and the non-filing spouse of the Debtor in the underlying bankruptcy proceeding.

5.      Defendant-Creditor, Discover Financial Services ("Discover"), is a banking and payment services company, with a business address and principal office located at 2500 Lake Cook Road, Riverwoods, IL 60015.

## **BACKGROUND**

6.      Discover is a creditor of the Debtor and Meg.

7.      Meg holds a credit card account (ending 6483) with Discover ("Account").

8.      The Account contains charges incurred during the course of Meg and the Debtor's marriage and for the family's necessaries.

9.      Debtor filed his voluntary petition under Chapter 13 of the U.S. Bankruptcy Code on December 30, 2019.

10.     Debtor's original Chapter 13 Plan, and confirmed Plan both proposed 100% repayment to timely filed unsecured claims.

11.     Debtor listed the Account on his filed Schedule E/F at line 4.8 and identified it as a community debt.

12.     Debtor listed Discover on the creditor matrix and Discover received notice of the filing as evidenced by the Certificate of Notice filed at docket no. 8.

13.    Discover filed a claim for another account of the Debtor on January 3, 2020 as Claim No. 1-1.

14.    Discover failed to file a claim in this case for the Account by the bar date, March 9, 2020.

15.    On or about April 7, 2020, Meg notified Counsel that she received a communication from Capital Management Services, LP ("CMS") attempting to collect on the Account.

16.    Counsel called CMS and provided a representative named Alicia Willis with Debtor's notice of the bankruptcy filing and indicated CMS would cease contacting Meg on the Account.

17.    Meg noticed Discover was reporting the Account on her credit report as delinquent, and called Discover on May 29, 2020, to speak to a representative named Dave.

18.    Dave informed Meg that since Discover is registered in Delaware, which is not a community property state, it does not consider the Account to be included in the Debtor's bankruptcy case or under the bankruptcy automatic stay protection.

19.    On May 29, 2020, Counsel called Discover where she spoke with four different Discover representatives, Christina, Mike, Gabby and Julie.  Julie identified herself as a supervisor and indicated she would send the issue to Discover's legal department for review and would follow up in 72 hours.

20.    On June 8, 2020, Counsel had not heard a response from Discover and called again for a status on the ongoing negative credit reporting.  The Discover representative informed Counsel it transferred the Account back to CMS for collection.

21.    Counsel contacted Julie from Discover again on or about June 18, 2020, and Julie informed counsel that her notes from the legal department state they are in Delaware and do not honor community property laws.

22.    Julie further informed Counsel the only way to communicate with Discover's legal department is in writing by mail or fax as there is no direct phone number or email to that department.

23.    On June 22, 2020, Counsel sent Discover a letter ("Letter") stating Debtor and Meg's legal authority for listing the Account as a community debt, and demanding Discover cease the negative delinquency reporting and collection.

24.    Meg reported the inaccuracies to the credit bureaus but received responses indicating Discover found the delinquent account was accurate and her disputes were closed.

25.    On or about August 12, 2020, Counsel received a collection letter dated August 6, 2020 from CMS attempting to collect on the Account and proposing a settlement offer.

26.    On August 14, 2020, Counsel still had not received a response to her Letter, and again placed a call to Discover.  Upon information and belief, the representative with whom counsel spoke was named Charday, who confirmed receipt of the Letter, and again reiterated Discover's position that due to where it is registered, they do not adhere to community property laws.

27.    On or about September 11, 2020, Counsel's office received a collection letter dated September 4, 2020 from CMS attempting to collect on the Account and proposing a settlement offer.

28.      On September 14, 2020, Counsel again called CMS who refused to speak with Counsel regarding the Account until Meg emailed them an authorization to do so.  Meg emailed such authorization that same day.

29.      On September 22, 2020, Counsel sent an email to CMS with a copy of Debtor's Petition and Schedules, Notice of Meeting of Creditors, and a copy of the Letter, again demanding all collection activity stop and to correct any negative delinquent credit reporting. Counsel also spoke with CMS representative that same day, and he indicated he would send the documents back to Discover.

30.      On October 8, 2020, Counsel called CMS and a representative informed her the Account was back with Discover.  Counsel called Discover and spoke with a Courtney Paxson who provided her email information and said she would forward the Letter to the legal department.  Counsel sent Ms. Paxson an email with a copy of the Letter.

31.      On November 3, 2020, Counsel called Discover and sent Ms. Paxson a follow-up email to check on the status of the Letter and a response from the legal department.

32.      Counsel again called Discover on November 5, 2020.  Discover's settlement department stated they needed a signed power of attorney for Meg in order to speak with Counsel on the matter.  Counsel faxed a power of attorney form to Discover, and Discover informed Counsel their faxes are taking weeks to process.

33.      On December 17, 2020, Counsel again called Discover to check on the status of the power of attorney.  The Discover representative stated Discover once again turned the Account over the CMS and could not speak with me on the matter.  Counsel called CMS and demanded one of their representatives stay on the line with a Discover representative. Discover again stated their position that they do not adhere to community property laws.  After

- 6 -

yet another demand to speak with Discover's legal department, Discover informed Counsel it

is a "no contact" department and although you can fax or mail written correspondence, they

make no promise the correspondence will be answered.

### COUNT I:  DECLARATORY ACTION TO DETERMINE DISCOVER VIOLATED THE AUTOMATIC STAY AND CO-DEBTOR STAY

34.     Plaintiffs re-allege the preceding paragraphs above, as if fully set forth herein.

35.     Section 362(a)(6) bars any act to collect, assess, or recover a prepetition claim

against the debtor.  11 U.S.C. §362(a)(6).

36.     Section 1301 of the Bankruptcy Code prohibits a creditor from acting to collect

all or any part of a consumer debt of the debtor from any individual that is liable on such debt

with the debtor.  11 U.S.C. § 1301.

37.     The Account is a debt of or a claim against the Debtor upon which Meg is also

liable.

38.     The Code defines "debt" as liability on a claim.   11 U.S.C. § 101(12).   A

"claim" is a right to payment, whether or not it is disputed, legal, or equitable.  11 U.S.C. §

101(5)(A).

39.     One such type of claim is a "community claim" that arose prior to the petition

date for which property as specified in section 541(a)(2) is liable.  *See* 11 U.S.C. § 101(7).

40.     All interests of the debtor and community property of the debtor's spouse is

liable under section 541(a)(2).  11 U.S.C. § 541(a)(2).

41.     State law creates and defines property interests.  *Butner v. U.S.*, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 26 136 (1978); *see also Kelley v. Dahle-Fenske (In re Dahle-Fenske)*, 525 B.R. 912, 917 (E.D. Wis. 2015).  The applicable state law is Wisconsin, the state where the bankruptcy case is situated, and where the liability of the Account arose.

42.     Obligations incurred by a spouse during marriage is presumed to be incurred in the interest of the marriage or the family.  Wis. Stat. § 766.55.

43.     Under Wisconsin law, all property of spouses is presumed to be marital property, and likewise, obligations of spouses are presumed to be incurred in the interest of the marriage or the family.  Wis. Stat. §§ 766.31, 766.55.

44.     The Account contains charges made during marriage and for the interest of the marriage or the family, including purchases for food, clothing, and other necessities.

45.     Debtor is also liable for the Account under the common-law doctrine of necessaries as codified under Wis. Stat. § 765.001(2).

46.     The co-debtor stay prohibits collection of the Account against Meg.  11 U.S.C. § 1301.

47.     The attempts to collect any community property, which is property of the estate under section 541(a)(2), is a violation of the Debtor's automatic stay.  *See* 11 U.S.C. §§ 362(a)(3), (6).

48.     Discover placed calls to Meg and Counsel to collect on the Account.

49.     Discover placed negative notations on Meg's credit report related to the Account.

50.     Discover sent Meg and Counsel letters to collect on the Account.

51.     The calls, letters and credit reporting of Discover were efforts to effect collection of the Account.

52.     Discover and CMS's acts are to coerce the debtor and/or co-debtor into paying a pre-petition debt, and therefore a violation of the automatic stay and co-debtor stay.

## COUNT II: SANCTIONS FOR WILLFUL VIOLATION OF THE STAY UNDER 11 U.S.C. § 362(k)

53.     Plaintiffs re-allege the preceding paragraphs above, as if fully set forth herein.

54.     Discover and CMS knew the Debtor filed for bankruptcy.

55.     Discover and CMS knew the Debtor was married to Meg.

56.     Discover and CMS knew the Debtor and Meg reside in Wisconsin, a state that honors community property laws.

57.     Discover and CMS knew the Debtor listed the Account in his filed schedules.

58.     Discover and CMS knew of the stay violation.

59.     Discover directly, and/or through its agent, CMS, continue to attempt to collect on the Account by negatively reporting the Account as delinquent on Meg's credit report, sending collection letters and making calls to Meg and Counsel to collect on the Account.

60.    Discover and CMS continue to act in blatant disregard for the bankruptcy law and Wisconsin state community property laws.

61.    An individual injured by any willful violation of a stay provided by section 362 is entitled to actual damages, attorney fees and costs, and potentially punitive damages. 11 U.S.C. 362(k).

62.    Meg was recently denied a loan based on the negative marks Discover placed on her credit report.

63.    One of Meg's credit cards reduced her credit limit based on the credit report marks.

64.    Meg and Debtor would like to refinance the mortgage loan on their residence to take advantage of the current low interest rates that would save her and Debtor a substantial amount over time, but fear they cannot do so based on the credit report marks.

65.    Meg, Debtor and Counsel have spent significant time and energy into attempting to resolve this issue outside of court, and feel they have exhausted all avenues to attempt to resolve the matter without the Court's intervention.

**WHEREFORE**, Plaintiffs request judgment against the Defendant as follows:

A.    Determining Discover and its agents willfully violated the automatic stay and co-debtor stay;

B.    Ordering Discover and its agents to immediately cease all collection activity on the Account, including written correspondence, calls, and negative credit reporting;

C.      Determining Plaintiffs are entitled to actual damages, attorney fees and costs,

and punitive damages, and ordering the same be paid to Plaintiffs by Discover;

D.      Ordering Discover remove all negative and delinquent remarks on Meg's

credit reports related to the Account from all credit bureaus; and

E.      Such other relief that this Court finds just and proper.

Dated this 20th day of January, 2021.

**MURPHY DESMOND S.C.**
Attorneys for Plaintiffs


By: /s/ *Kristin K. Beilke*
        Kristin K. Beilke
        State Bar No. 1113333
        33 East Main Street Suite 500
        P.O. Box 2038
        Madison, WI 53701-2038
        (608) 257-7181

35874.19191
4816-6361-4168, v. 1